UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, |
|---|
| -v- |
| RAHMIEK LACEWELL ET AL. |
| Defendants. |

22-cr-352 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

  Defendant Rahmiek Lacewell moves for reconsideration of this Court's July 5, 2022 detention order. After hearing argument on defendant's motion on Thursday, November 10, 2022, the Court reserved judgment. Of greatest concern to the Court is the potential danger to the community the Government contends Mr. Lacewell would pose if released. Although it is a close call, the Court concludes the Government has not met its burden to demonstrate by clear and convincing evidence that no conditions exist that could reasonably assure the safety of the community. See 18 U.S.C. § 3142(f)(2)(B).

  The most compelling argument against release is evidence the Government presented that Mr. Lacewell, as a member of the alleged conspiracy at the heart of this case, participated in an incident of violence and intimidation against employees of a housing contractor. The overall sequence of events that the Government describes a disturbing one, in which other members of the alleged conspiracy parked a car across an alley so as to prevent the contractor's employees from

1

leaving, subsequently assaulted one of the contractor's employees, and even took a photograph of that employee's identification card so as to intimidate him from going to the police. Although there is no evidence that Mr. Lacewell personally assaulted the employee, the Government contends that, shortly before the violence took place, Mr. Lacewell arrived at the scene and took off his orange company sweatshirt, leaving on only an all-black outfit underneath. The Government also claims it knows from witness accounts that members of the alleged conspiracy donned all-black outfits such as the one Mr. Lacewell was wearing prior to displays of force or violence. And, the Government adds, a video of the ensuing incident shows Mr. Lacewell, along with other members of the alleged conspiracy, also dressed in black, looking on while the contractor's employee was assaulted and intimidated.

While Mr. Lacewell disputes the Government's account of these events, the Government's account suffices, in the Court's view, to establish that Mr. Lacewell was at least a tacit participant in a disturbing and violent incident. However, the Court also finds notable that the Government -- despite the extensive amounts of evidence and discovery it has amassed in this case, and despite its conclusory claim that Mr. Lacewell served as an "enforcer" -- has not pointed to any other incident in which Mr. Lacewell engaged, directly or indirectly, in violence.

The Government also relies on Mr. Lacewell's criminal history. While Mr. Lacewell was convicted of serious offenses as a young man –

– including statutory sex offenses dating from 2004 when Lacewell was 18, a reckless endangerment conviction dated from 2010 when Lacewell was 25, and a drug distribution conviction dated from 2014 when Lacewell was 29 -- Lacewell, now 37, does not appear to have had any convictions in his 30's other than one in connection with his operation of a motor vehicle without a license, for which he was discharged without punishment. While the Government also points to evidence from 2014 that Mr. Lacewell was a member of the violent "Bloods" gang, Mr. Lacewell contends he has taken serious steps toward turning his life around, and the record, including his evidence of recent employment and of his strong ties to his girlfriend and their infant child, appears to support as much.

Nonetheless, if the Court's only alternative to detention was to release Mr. Lacewell without restrictions, it might find detention necessary to protect the safety of the community. However, the Court concludes that conditions exist such as will reasonably assure both the safety of the community and Mr. Lacewell's appearance at trial. Specifically, the Court orders that Mr. Lacewell be released from detention once the following conditions are satisfied or arranged:

- Imposition of a recognizance bond in the amount of $250,000 signed and guaranteed by six financially responsible persons.
- Home incarceration at the residence of Mr. Lacewell's father, Timothy Lacewell, to be subject to full electronic monitoring. Defendant shall not be allowed to leave the

place of home incarceration except for necessary meetings with counsel or medical appointments, and then only with the express pre-approval of Pretrial Services and within the Southern or Eastern Districts of New York.

- Defendant is to have no contact with any member of the Bloods gang, any defendant in this case, anyone convicted of or who has pending criminal charges against them, or any EMS companies, public adjusters, or their employees.

- Defendant shall surrender any passport or other travel documents to Pretrial Services, and shall not obtain any new passport or any international travel document.

- Defendant shall not possess a firearm, destructive device, or other weapon.

- Defendant shall submit to periodic drug tests as determined by Pretrial services, and, if any of the results are positive, to appropriate treatment.

SO ORDERED.

New York, NY
November 11, 2022

_____
JED S. RAKOFF, U.S.D.J.

4